UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PHI AVIATION, LLC | § | CIVIL ACTION NO. 24-CV-_____ |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | JUDGE _____ |
| | § | |
| NEW YORK HELICOPTER CHARTER INC. | § | |
| | § | |
| DEFENDANT | § | MAG. JUDGE _____ |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, PHI AVIATION, LLC, who files this Complaint against defendant, NEW YORK HELICOPTER CHARTER INC., and respectfully avers as follows:

### PARTIES

1.

PHI AVIATION, LLC ("PHI" and/or "LESSOR"), is a Louisiana limited liability company, with its principal place of business in Lafayette, Louisiana. The sole member of PHI is PHI Group, Inc., which is a Delaware corporation, with its principal place of business in Lafayette, Louisiana.

2.

NEW YORK HELICOPTER CHARTER INC. ("NY HELICOPTER" and/or "LESSEE"), is a New York corporation, with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3.

Jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332(c) because: (a) PHI and NY HELICOPTER are citizens of different states; and (b) there is more than $75,000 in controversy between the parties.

4.

Venue is proper in the Southern District of New York (sitting in the Borough of Manhattan) pursuant to 28 U.S.C. §§1391(b)(1) and (2) pursuant to agreement between PHI and NY HELICOPTER. Section 17.12(a) of the Helicopter Lease Agreement[1] between PHI and NY Helicopter provides:

> Each party hereby irrevocably consents to the exclusive jurisdiction and venue over any and all disputes between the parties arising under this Lease in, and for such purpose each party hereby submits to the jurisdiction of, the United States District Court for the Southern District of New York sitting in The Borough of Manhattan and any New York state court sitting in the County of New York, New York, and all related appellate courts.

## FACTUAL ALLEGATIONS

5.

Based in Lafayette, Louisiana, PHI is one of the world's leading helicopter services companies. Though PHI regularly provides helicopter transportation services directly to its customers, PHI also leases helicopters to other companies that use them for their own transport services.

---

[1] A copy of the Helicopter Lease Agreement between PHI Aviation, LLC and New York Helicopter Charter, Inc. is attached hereto as Exhibit A.

6.

On April 17, 2024, PHI and NY Helicopter executed and entered the Helicopter Lease Agreement ("Helicopter Lease") pursuant to which NY Helicopter agreed to lease from PHI, for stipulated charges and fees through a term specified in the Helicopter Lease, "[o]ne (1) Bell 407 helicopter with manufacturer's serial number 53114 and US registration mark N407MR . . . All parts, components, furnishings, equipment, and accessories belonging to, installed in or appurtenant to such helicopter or engine, including but not limited to, air conditioning units and float systems" (the "Helicopter").[2]

7.

The Helicopter Lease obligates NY Helicopter to make a monthly "Flight Hour Rate Payment" (which is calculated as "the Flight Hours[3] accrued on the Helicopter each calendar month multiplied by the Flight Hour Rate[4]").

8.

On November 20, 2024, PHI notified NY Helicopter it was in default of the Helicopter Lease for failure for three months to make "Flight Hour Rate Payment[s]"[5] and demanded payment of the then total outstanding amount owing under the Helicopter Lease "no later than November 29."[6]

---

[2] Helicopter Lease, Appendix 1 – Form Acceptance Certificate
[3] Helicopter Lease §§1.1 and 6.2(a)
[4] Helicopter Lease §1.1
[5] Helicopter Lease §§ 1.1 and 6.2(a).
[6] A copy of the November 20, 2024 letter from PHI to Mike Roth, New York Helicopter Charter, Inc., is attached hereto as Exhibit B.

9.

NY Helicopter, the same day, disputed PHI's calculation of the total amount of "Flight Hout Payment[s]" owing under the Helicopter Lease and promised to pay the amount it considered due "with in [sic] the next 6 weeks".[7]

10.

PHI received an overdue "Flight Hour Payment" on November 20, but unequivocally rejected NY Helicopter's attempt to unilaterally extend the cure period.

11.

In response, NY Helicopter replied: "PLEASE ADVICE [sic] WHERE YOU WOULD LIKE US TO DROP OFF HELICOPTER ASAP AS WE WILL BE REMOVING IT FROM OUR INSURANCE AND HANGER IF WE DONT HER [sic] FROM YOU WE WILL FLY IT BACK TO PHI LAFAYETTE."[8]

12.

On December 4, 2024, in addition to renewing its demand for payment in full of the outstanding "Flight Hour Payment[s]", PHI demanded NY Helicopter return the Helicopter at NY Helicopter's cost and expense to PHI's facility in Lafayette, Louisiana.[9]

13.

NY Helicopter failed to pay outstanding amounts owed under the Helicopter Lease and/or return the Helicopter to PHI's facilities in Lafayette, Louisiana despite amicable demand.

---

[7] *See* November 20, 21, and 26 emails between PHI and NY Helicopters attached collectively hereto as Exhibit C.
[8] Exhibit C.
[9] A copy of the December 4, 2024 letter from Robert Van de Vuurst, counsel for PHI, to Mike Roth, New York Helicopter Charter, Inc., is attached hereto as Exhibit D.

4

14.

On December 13, 2024, PHI, in accordance with the Helicopter Lease, peaceably and without objection repossessed the Helicopter due to NY Helicopter's failure to honor either of PHI's demands for payment of the outstanding amount owing under the Helicopter Lease and/or return of the Helicopter to PHI's facilities in Lafayette, Louisiana at NY Helicopter's cost and expense.

15.

On January 14, 2025, PHI terminated the Helicopter Lease, pursuant to the terms thereof, based on NY Helicopter's failure to pay "Flight Hour Rate Payment[s]" by written notice to NY Helicopter sent to 165 Western Rd, Kearney, NJ in accordance with the Helicopter Lease notice requirements.[10]

16.

PHI, via its January 14, 2025 correspondence, also demanded payment of outstanding amounts due under the Helicopter Lease, including past-due and accelerated future "Flight Hour Rate Payment[s]".

## CAUSE OF ACTION/RELIEF REQUESTED

### COUNT I:   Breach of Contract (Helicopter Lease)

17.

PHI adopts, realleges, and incorporates the factual allegations set forth in Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

---

[10] A copy of the January 14, 2025 letter from Trey Range, counsel for PHI, to Mike Roth, New York Helicopter Charter, Inc., is attached hereto as Exhibit E.

18.

Section 13.1 of the Helicopter Lease entitled "**Classes of Events**", in pertinent part, provides:

> Lessor may declare Lessee in default, and may, in its sole discretion, retake possession of the Helicopter or exercise or recover any and all other rights and remedies, upon the occurrence of any of the following, each of which shall constitute an Event of Default:
>
> (a) a failure of Lessee to pay any Rent, Supplemental Rent, Security Deposit, Agreed Value or any other amount due under any of [the [Helicopter] Lease, any permitted Sublease, any Guaranty Lease, and all notices, consents, certificates, confirmations, agreements, security filings and other documents from time to time issued or entered into by Lessee pursuant to or in connection with any documents referred to above [in the Helicopter Lease] . . .] in full as and when due or, in the case of amounts payable on demand, which failure continues for ten (10) days after written notice from Lessor or a Finance Party;
>
> (b) Lessee's failure to perform or breach of any material provision of this [Helicopter] Lease or any of the Transaction Documents and failure to cure the breach within fifteen (15) days after written notice from Lessor or a Finance Party;

19.

Section 13.2(a) of the Helicopter Lease provides:

> (a) **Remedies.**  Upon occurrence of any Event of Default, and in addition to any other rights and remedies which Lessor may have a Law or in equity or under this [Helicopter] Lease, Lessor may collect from Lessee, and Lessee shall pay on demand to Lessor, all costs (including attorney's fees) necessary for repossession of the Helicopter, and an amount equal to all remaining lease payments and other amounts Lessee is liable for hereunder at any time, as liquidated damages for loss of bargain and not as a penalty.

20.

PHI has performed all its obligations under the Helicopter Lease.

21.

PHI has and continues to submit timely invoices for "Flight Hour Payment[s]" to NY Helicopter for "Flight Hours" calculated in accordance with the applicable Helicopter Lease terms.[11]

22.

Pursuant to the terms of the Helicopter Lease, NY Helicopter is unconditionally obligated to pay PHI for "Flight Hour Payment[s]".

23.

NY Helicopter, by its failure to pay outstanding amounts owing to PHI under the Helicopter Lease, breached the Helicopter Lease.

24.

NY Helicopter, by its failure to deliver the Helicopter to PHI at its facility in Lafayette, Louisiana at NY Helicopter's cost and expense, breached the Helicopter Lease.

25.

NY Helicopter terminated and repudiated the Helicopter Lease by virtue of its material breaches of the Helicopter Lease.

26.

As a result of NY Helicopter's material breaches, termination and repudiation of the Helicopter Lease, PHI has been damaged at least in the principal amount of ONE MILLION FOUR HUNDRED SEVENTY-TWO THOUSAND FOUR HUNDRED SIXTY-EIGHT AND 88/100 DOLLARS ($1,472,468.88) plus interest, attorney's fees, costs, expenses, as well as other consequential damages in an amount to be proven at trial.

---

[11] *See* Helicopter Lease §§1.1, 6.2(a) and 6.3.

**WHEREFORE**, **PREMISES CONSIDERED**, plaintiff, PHI Aviation, LLC, prays that its Complaint against defendant, New York Helicopter Charter Inc., be deemed sufficient and that after due proceedings had, this Court grant the following relief:

A.   Judgment in favor of Plaintiff and against Defendant for the full amount of Plaintiff's damages for breach of the April 17, 2024 the Helicopter Lease Agreement, together with judicial interest on such damages until paid.

B.   An award to Plaintiff of its costs in this action, including reasonable attorney's fees; and

C.   All other such relief as this Court may deem just and equitable.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


*/s/ Leopoldo J. Yanez*_____
Leopoldo J. Yanez
Coleman D. Ridley, Jr. (pro hac vice application forthcoming)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana   70170
Telephone: (504) 566-5200
Facsimile:(504) 636-4000

**ATTORNEYS FOR PHI AVIATION, LLC**